This appeal is taken by defendant-appellant Eric Fisher from the judgment classifying him as a sexual predator pursuant to R.C.2950.09(C) (2) entered by the Court of Common Pleas of Allen County.
On March 4, 1981 Fisher plead guilty to an amended charge of abduction and gross sexual imposition. The sentences were suspended and Fisher was placed on probation. While on probation Fisher was indicted for and later found guilty of kidnapping and rape. Fisher was sentenced to not less than seven but not more than twenty-five years with said sentence to run consecutively to the sentences from the 1981 convictions. Subsequently, on March 24, 1999, following the recommendation of the Ohio Department of Rehabilitation and Corrections, Fisher came before the Court of Common Pleas of Allen County for a sexual predator hearing pursuant to O.R.C. 2950.09(C). By its judgment entered that same day, the Court of Common pleas of Allen County found by clear and convincing evidence that Fisher was a sexual predator. On appeal from that judgment Fisher makes the following assignments of error:
 1. Ohio Revised Code Chapter 2950 et. seq., as applied to appellate, is unconstitutional in that it violates defendant's protections of Section 1, Article I and Section 16, Article I of the Ohio Constitution as described in State v. Williams , Lake Appellate No. 97-1-191, Court of Appeals, 11th District, unreported.
 2. The trial court's determination that defendant was a sexual predator, as defined in O.R.C. 2950.01(E), is contrary to the manifest weight of the evidence.
Fisher's initial claim is that O.R.C. Chapter 2950 is unconstitutional because it violates the protections afforded him by Sections 1 and 16, Article I of the Ohio Constitution. At the outset we observe that statutes enjoy a strong presumption of constitutionality. "An enactment of the General Assembly is presumed constitutional and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." State v. Cook (1998), 83 Ohio St.3d 404, 409,700 N.E.2d 570, citing State ex rel. Dickman v. Defenbacher (1955),164 Ohio St. 142, 128 N.E.2d 59. As a result, the examination begins with a strong presumption that O.R.C. Chapter 2950 is constitutional.
We shall address Sections 1 and 16, Article I of the Ohio Constitution, together. Section 1, Article I of the Ohio Constitution provides:
 All men are, by their nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing and protecting property, and seeking and obtaining happiness and safety.
Section 16, Article I of the Ohio Constitution provides:
 All courts shall be open; and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law and shall have justice administered without denial or delay.
The rights afforded by these provisions may not be abrogated except upon a valid exercise by the legislature of its police power. "Although almost every exercise of the police power will necessarily interfere with the enjoyment of liberty or the acquisition, possession and protection of property, within the meaning of Section 1, Article I of the [Ohio] Constitution or involve an injury to a person within the meaning of Section 16, Article I of the Ohio Constitution an exercise of the police power having such effect will be valid if it bears a real and substantial relation to public health, safety, morals or general welfare of the public and if it is not unreasonable or arbitrary."Benjamin v. Columbus (1957), 167 Ohio St. 103, at paragraph five of the syllabus.
O.R.C. Chapter 2950 is a sex offender statute similar to those currently enacted throughout the United States. It contains three primary provisions including classification of the offender, registration by the offender with local community authorities and notification of community residents designated under the statute. The parties have stipulated that O.R.C. Chapter 2950 does indeed bear a real and substantial relationship to its purpose of protecting the public from sexual predators and safeguarding the interests of the community where the predator chooses to reside.
Fisher specifically argues that O.R.C. Chapter 2950 fails the second part of the test of constitutionality because it is not reasonable citing the decision of the Court of Appeals for Lake County in State v. Williams, 99 LW 0228. However, the Ohio Supreme Court explained in detail in State v. Cook, that the provisions of O.R.C. Chapter 2950 are not only reasonable but, in fact, "narrowly tailored." State v. Cook (1998), 83 Ohio St.3d 404,700 N.E.2d 570. This pronouncement by the Ohio Supreme Court precludes any holding by this court that the statute is unreasonable and therefore, renders moot any argument or conclusion based on a contrary holding. Accordingly, a contrary appellate opinion is not persuasive. The Supreme Court having spoken on the underlying issue of reasonableness, the appellant's first assignment of error is overruled.
In his second assignment of error Fisher argues that the sexual predator adjudication was against the manifest weight of the evidence. O.R.C. 2950.01(E) provides:
 "Sexual predator" means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
In making its determination as to whether the defendant is indeed a sexual predator the trial court must consider all the relevant factors including but not limited to those contained in 2950.09(B) (2) (a)-(j). They include:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including but not limited to all sexual offenses
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is imposed involved multiple victims
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed displayed cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
O.R.C. 2950.09(B) (2) requires that the prosecution prove that the defendant is a sexual predator by clear and convincing evidence. Clear and convincing "is more than a mere preponderance of the evidence but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
The trial court found that Fisher was a sexual predator based upon several factors which were set forth at length on the record. These factors included the fact that Fisher had been convicted of abduction, kidnapping, rape and gross sexual imposition arising out of two separate incidents, there were multiple young female victims who were 13 and 17 years old, Fisher followed and at knife point pulled one victim into a car where he raped her and then took her to a vacant house and raped her again, he took another victim to a vacant house and raped her, he displayed cruelty and used threats towards his victims, he has a need for control or dominance, he is antisocial, callous, impulsive and shows no remorse. The trial court found this evidence to be clear and convincing that Fisher is a sexual predator.
Despite the exhaustive list in support of his sexual predator adjudication Fisher maintains that it was against the manifest weight of the evidence because the court did not seek expert testimony or evidence outside the facts of his prior convictions to show that he was likely to commit a sexually oriented offense in the future. However, the statute does not require that the trial court seek expert advice. It merely requires the trial court look to the factors listed, although, if it so chooses, it may look outside those factors. The exhaustive list of factors relied on by the trial court are such that they could produce a firm belief that Fisher indeed had committed prior sexually oriented offenses and would be likely to commit a sexually oriented offense in the future. As a result, the appellant's second assignment of error is overruled and the judgments of the Court of Common Pleas of Allen County are affirmed.
Judgments affirmed.
HADLEY and WALTERS, JJ., concur.